IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                Petitioner,

    v.                                  CASE NO. 17-3087-SAC

WARDEN DAN SCHNURR[1],

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed by a prisoner in state custody. Because petitioner challenges the execution of his sentence, claiming that his sentence has expired, the Court liberally construes the petition as a filing under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)(Section 2241 is the appropriate remedy for state prisoners to collaterally attack the execution of their state sentences).

A state prisoner proceeding under § 2241 is required to exhaust state court remedies before seeking federal habeas relief. *See Montez*, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). A federal court should abstain from proceeding in an action brought under § 2241 if the issues presented in petition may be resolved in the state courts. *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993). Because the petition states that a state court action is pending

---

[1] The proper respondent in a petition under 28 U.S.C. § 2241 is the petitioner's custodian. See 28 U.S.C. §2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("the proper respondent [in a petition for habeas corpus] is the warden of the facility where the prisoner is being held, not … some other remote supervisory official.") The Court therefore substitutes Dan Schnurr, Warden of the Hutchinson Correctional Facility, as the respondent in this action.

in the sentencing court, *see* Doc. #1, p. 7, the Court will direct petitioner to show cause why this matter should not be dismissed without prejudice to allow him to exhaust available remedies.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #3) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including June 6, 2017, to show cause why this matter should not be dismissed without prejudice to allow petitioner to exhaust state court remedies. The failure to file a timely response may result in the dismissal of this action without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 23rd day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge